EVA LEVY, DEFENDANT, v. JAMES C. DAVIS, DIRECTOR GENERAL OF RAILROADS, PROSECUTOR.

Argued November 7, 1923—Decided March 3, 1924.

**Workmen's Compensation—Pleadings in Litigation in Federal Court Admitting Employment and Setting up Intrastate Employment Properly Admitted—Where a Common Pleas Judge is Changed During Appeal, the New Judge is not Empowered to Give Final Judgment Under the Statute Unless it Appears that Both Sides Submitted the Case to His Determination.**

On *certiorari.*

Before Justices TRENCHARD and PARKER.

For the prosecutor, *Collins & Corbin.*

For the defendant, *Samuel Greenstone.*

PER CURIAM.

This is a workmen's compensation case, and the writ brings up an award made in the Court of Common Pleas on appeal from the decision of the commissioner of labor.  The points assigned and argued are:  *first,* that there was no proof that decedent was engaged in intrastate commerce at the time of his death; *second,* there is no evidence to support the finding that the accident arose out of and in the course of the employment; *third,* there is no evidence to support a finding that decedent was employed by the Lehigh Valley Railroad Company at the time of his death; *fourth,* that the record of a suit in the United States District Court for the Eastern District of New York was admitted without including the testimony and charge of the trial judge; *fifth,* that if such admission was not illegal, it is not evidential that deceased was employed in intrastate commerce; *sixth,* irregularity in procedure in that the decision in the Court of Common Pleas was made by a judge who had not heard the case.

It appears from the petition and answer the deceased was in the employ of the defendant as a pier floatman, and while walking along the dock fell off and was drowned. The allegations of the petition were that deceased was carrying a coal pail from the dispatcher to the floatman's shanty. The answer claims that defendant was walking along the dock waiting to be assigned to a float. In either aspect, it seems to us that a fair question of fact, at least, was raised as to whether he was at the time in the course of his employment. That he died by an accident at such time is indisputable. This seems to dispose of the second point.

As to the first point, it was, of course, for the petitioner to show that deceased was engaged in intrastate commerce. If we assume that the record and pleadings of the litigation in the United States court were properly admitted, we find that they contain an allegation on the part of the defense admitting the employment, but specifically denying that the employment was in interstate commerce. It seems to us that this is sufficient under the case of *Lincks* v. *Erie Railroad Company*, 91 *N. J. L.* 166, to support a finding of fact that deceased was not in interstate commerce, but was working in intrastate commerce. It is now argued that the present plaintiff is suing personally and in the federal litigation was suing in a representative capacity; but this seems to be no reason why the present plaintiff may not take advantage of the admission on the record. It is also argued that the defendant in the federal court was not the same as the present prosecutor. Each was the director general of railroads, and one was merely the successor of the other; so it would seem plain that any admission by the predecessor would bind the successor.

We cannot agree in the proposition that the record and judgment of the New York federal court case was inadmissible without the inclusion of the testimony and charge of the trial judge. We think it is elementary that that is no part of a judicial record and that it would probably have been erroneous to admit such testimony and charge if offered.

The point in the case that seems really important relates to a change of judges in the Court of Common Pleas pending the appeal. It appears from the state of the case that all the evidence on the appeal was taken before Judge Doherty, who resigned without having signed judgment, or made any determination as to the facts or law, and that thereafter the case was taken up by his successor, Judge Lazarus, and that the latter made the finding and judgment. We agree with the prosecutor that Judge Lazarus was not empowered to do this under the statute (*Comp. Stat., p. 1727, § 101*), but can only sign judgment in a case already determined. That the case had not been determined is plain from his recital at the very beginning of his finding. "The above matter coming on for hearing and having been submitted to me for decision, I hereby find from stipulations and evidence, as follows." But this very recital, indicating that there had been no previous determination, contains also the basis for support of the present judgment. Both sides contend that this court will take judicial notice of the official character of Judge Lazarus as judge, and in this we concur. Therefore, when he certifies thus formally that the matter had been submitted to him for decision, we can make no other inference than that the parties had asked him to take it up and decide it, presumably on the evidence theretofore taken. There is nothing in the record to show that either party objected to this course, nor has there been any request made to this court to have the judge of the Common Pleas certify anything differently from what he has already certified. On this branch of the case our conclusion is, therefore, that on the face of this record, Judge Lazarus, as the successor of Judge Doherty, was requested by both parties to take up and decide the case on the evidence submitted to his predecessor, and had accordingly done so. This is entirely within his powers if the parties consented thereto and, apparently, they did. Similar submissions are a matter of almost every-day occurrence.

The result is that the judgment brought up will be affirmed.